UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDDIE MCCOY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-2846 |
| | § | |
| CHARLES WAGNER, *et al*, | § | |
| | § | |
| Defendants. | § | |

## **OPINION AND ORDER**

Pending before the Court in the above referenced action, grounded in 42 U.S.C. §§ 1983 and 1985, are Defendant Texas A&M University's Motion to Dismiss (Doc. 21), Defendant Charles Wagner's Motion to Dismiss (Doc. 18), and Defendant Jeri Yenne's Motion to Dismiss (Doc. 19). Having considered the parties' arguments, the facts, and the applicable law, the Court determines each motion should be granted.

**I.    Background**

Plaintiff Eddie McCoy, an African-American resident of Brazoria County, Texas, was the owner of three horses. During Hurricane Harvey, his horses needed to be rescued and were taken by Brazoria County Animal Control, a division of the Brazoria County Sheriff's Department, to the Brazoria County fairgrounds for safekeeping. Plaintiff states that he visited his horses daily, but on his third or fourth visit, one of his mares was missing. Plaintiff claims that upon inquiring about his missing horse, a veterinarian at the site, a member of the Texas A&M University Emergency Veterinarian Team, told him the horse had been euthanized because it was colic. In the aftermath of this incident, Plaintiff sought to obtain the medical records concerning his horse and attempted to view its corpse multiple times. In doing so, he called Sheriff Charles Wagner of the Brazoria County Sheriff's Office, who referred him to the

Brazoria County District Attorney's Office to pick up his horse's medical records.

Ultimately, Plaintiff did not obtain the medical records and was never able to view his horse's body, and he believes that this indicates that his horse is still alive. Plaintiff believes his horse was not actually euthanized, but rather, it was stolen from him and given "to another." Third Am. Compl. at 8. He accuses the Sheriff's Office and the Brazoria County District Attorney's Office of participating in a cover-up of the theft by refusing to allow Plaintiff to see the horse's body or medical records.

Plaintiff brought suit against Sheriff Charles Wagner, individually and in his official capacity as Brazoria County Sheriff; Jennifer Beth Kleman, DVM; Texas A&M University; District Attorney Jeri Yenne, individually and in her official capacity as Brazoria County District Attorney; and John Does I-VI. Plaintiff alleges causes of action under 42 U.S.C. § 1983 claiming he was deprived of constitutional rights under color of law and under 42 U.S.C. § 1985 claiming there was a conspiracy to obstruct justice. Plaintiff also alleges the Court has supplemental jurisdiction under 28 U.S.C. § 1367 over his state law claims for: violation of constructive trust; fraud; intentional infliction of emotional distress; abuse of office; and negligent hiring, supervision, and retention.

## II. Legal Standard

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011). Rule 12(b)(1) allows a party to move for dismissal of an action for lack of subject matter jurisdiction. The party asserting that subject matter exists must bear the burden of proof for a 12(b)(1) motion. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). In reviewing a motion

under Rule 12(b)(1) the court may consider (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In determining plausibility, courts should first disregard "formulaic recitation[s] of the elements" of the legal claim as conclusory. *Id.* at 662. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" under Rule 12(b). *Id.* at 678. Second, the court must assume the truth of all factual allegations and determine whether those factual allegations allege a plausible claim. *See id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* If these facts fail to "nudge [the] claims across the line from conceivable to plausible, [then the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

### III. Analysis

    A. *Defendant Texas A&M University's Second Amended Motion to Dismiss*

Plaintiff brought suit against Defendant Texas A&M University ("TAMU") under 42 U.S.C. § 1983 for deprivation of property under color of state law and denial of equal protection and under Section 1985 for conspiracy to obstruct justice. He seeks monetary damages in the amount of $1,000,000. TAMU argues that Plaintiff's claims are barred by TAMU's Eleventh Amendment immunity and must be dismissed under Federal Rule of Civil Procedure 12(b)(1) because the Court lacks jurisdiction to hear them. Additionally, it argues Plaintiff's claims must be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

The Eleventh Amendment deprives a federal court of jurisdiction to hear a suit against the State of Texas or any of its agencies unless sovereign immunity is expressly waived: "The eleventh amendment clearly interposes a jurisdictional bar to suits against a state by private parties who seek monetary relief from the state in the form of compensatory damages, punitive damages, or monetary awards in the nature of equitable restitution, and also to suits against a state agency or state official when the monied award is to be paid from the state treasury." *Clay v. Texas Women's University*, 728 F.2d 714, 715 (5th Cir. 1984). TAMU is protected by the Eleventh Amendment to the same extent as is the State of Texas. *See Gay Student Servs. v. Texas A & M Univ.,* 737 F.2d 1317, 1333–34 (5th Cir. 1984) ("[B]ecause TAMU was an alter ego of the State of Texas, any suit against the University or its officials for monetary relief is a suit against the state and thereby barred by the Eleventh Amendment." ).

The Court finds that Plaintiffs' constitutional claims pursuant to Sections 1983 and 1985 are barred by sovereign immunity. Section 1983 explains that "[e]very *person* who ... subjects, or causes to be subjected, any citizen of the United States or other person ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the

party injured." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 77, 109 S. Ct. 2304, 2316, 105 L. Ed. 2d 45 (1989) (emphasis added). In cases where a party seeks to enjoin the state pursuant to Section 1983, the Supreme Court explained that sovereign immunity bars a party from doing so because neither the state nor its agency is a "person" for purposes of Section 1983. *Quern v. Jordan*, 440 U.S. 332, 341, 99 S. Ct. 1139, 1145, 59 L. Ed. 2d 358 (1979). Plaintiff does not claim that the State has waived its sovereign immunity. Therefore, Plaintiffs' Section 1983 claims against TAMU are barred by the Eleventh Amendment. Likewise, his Section 1985 claims against TAMU are barred by the Eleventh Amendment. *See Fox v. Mississippi,* 551 F. App'x 772, 775 (5th Cir. 2014) (holding Eleventh Amendment bars suits brought by private citizens under Section 1985 against states, state agencies, and state actors acting in their official capacities).

Plaintiff also attempts to bring state law claims against TAMU under 28 U.S.C. § 1367, including: violation of constructive trust, intentional infliction of emotional distress, and abuse of office. However, the Eleventh Amendment bars the adjudication of pendent state law claims against nonconsenting state defendants in federal court. *Hernandez v. Texas Department of Human Services*, 91 Fed. Appx. 934, 935 (5th Cir. 2004). "The supplemental jurisdiction statute, 28 U.S.C. § 1367 (West 2004), which codified pendent jurisdiction, does not abrogate Eleventh Amendment immunity." *Id*. (citing *Raygor v. Regents of the Univ. of Minn*., 534 U.S. 533, 541–42, 122 S. Ct. 999, 152 L.Ed.2d 27 (2002)). Accordingly, TAMU's motion to dismiss is granted and all Plaintiff's claims against it are dismissed.

    B.    *Defendant Charles Wagner's First Amended Motion to Dismiss*

Plaintiff also brought suit against Defendant Brazoria County Sheriff Charles Wagner, in his official capacity and individually, under Section 1983 for deprivation of property under color

of state law and denial of equal protection and under Section 1985 for conspiracy to obstruct justice. Plaintiff seeks monetary damages in the amount of $1,000,000.

In Plaintiff's Third Amended Complaint, he alleges that after his horse went missing, he attempted to make two phone calls to Sheriff Wagner, neither of which was returned by Sheriff Wagner. Third Am. Compl. at 3. Plaintiff claims this failure of Sheriff Wagner to return his phone calls constitutes an obstruction of justice because Plaintiff believes that the sheriff was unlawfully hindering Plaintiff's ability to investigate what truly happened to his horse. Furthermore, Plaintiff alleges that Sheriff Wagner is liable for negligent hiring, supervision, and retention of his employees who he believes participated in a heist of the horse and the subsequent cover up that occurred when Plaintiff was told his horse had been euthanized. *Id.* at 7.

Sheriff Wagner argues that Plaintiff fails to state a claim upon which relief may be granted and his claims must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Where a plaintiff pleads conclusory allegations rather than specific facts, dismissal is appropriate. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The Court finds that here, Plaintiff has failed to plead facts showing he is entitled to relief.

Plaintiff's claims all stem from the fact that Sheriff Wagner did not return Plaintiff's phone calls seeking information about his horse's body. A representative from the Sheriff's Office informed Plaintiff that it did not have access to the horse's remains and referred him to the District Attorney's Office. From this event, Plaintiff concludes that the Sheriff's Office conspired to steal his horse and cover up the act by avoiding his phone calls. These allegations are conclusory and not grounded in fact; Plaintiff has not stated a plausible claim against Sheriff Wagner. Therefore, Sheriff Wagner's motion to dismiss is granted and Plaintiff's claims against him are dismissed.

### C. Defendant Jeri Yenne's First Amended Motion to Dismiss

Additionally, Plaintiff sued Brazoria County Criminal District Attorney Jeri Yenne, individually and in her official capacity, alleging that her office assisted in defrauding Plaintiff, and claiming she is liable for deprivation of property, denial of equal protection, participation in a conspiracy to obstruct justice, violating a constructive trust, fraud, and intentional infliction of emotional distress. District Attorney Yenne argues that Plaintiff failed to allege enough facts to state a claim to relief that is plausible on its face and his claims must be dismissed pursuant to Rule 12(b)(6).

The only relevant facts stated by Plaintiff in his Third Amended Complaint are that:

> [T]he Brazoria County, Texas criminal district attorney, a public servant, committed an offense under the Texas Penal Code amounting to an abuse of official capacity when she undertook to let her office be used to provide a medical records retrieval service to plaintiff in an attempt to assist other Brazoria County officials and other individuals in harming plaintiff by defrauding him out of his property; and scaring him away from trying to make sense out of defendants allegedly killing his horse; but, repeatedly refusing his request to see the alleged carcass.

Third Am. Compl. at 6. As with his claims against Sheriff Wagner, Plaintiff's allegations against the District Attorney essentially arise from the fact that Plaintiff was not able to view his horse's corpse. The resulting conclusions drawn by Plaintiff that the District Attorney's Office participated in a conspiracy to cover up the theft of Plaintiff's horse are not grounded in fact. His conclusory allegations fail to meet the burden set forth by Rule 12(b)(6) because they do not raise his right to relief above the level of mere speculation. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Because Plaintiff has not pled factual allegations in support of any claim brought against District Attorney Yenne, her motion to dismiss must be granted and his claims against her must be dismissed.

### IV. Conclusion

Based on the foregoing, it is hereby ORDERED:

(1) Defendant Texas A&M University's Second Amended Motion to Dismiss (Doc. 21) is GRANTED;[1]

(2) Defendant Charles Wagner's First Amended Motion to Dismiss (Doc. 18) is GRANTED;[2] and

(3) Defendant Jeri Yenne's First Amended Motion to Dismiss (Doc. 19) is GRANTED.[3]

SIGNED at Houston, Texas, this 15th day of February, 2018.

                                                                         MELINDA HARMON
                                                                         UNITED STATES DISTRICT JUDGE

---

[1] Defendant TAMU's previous motions to dismiss, Doc. 4 and Doc. 15, are MOOT.
[2] Defendant Charles Wagner's previous motion to dismiss, Doc. 5, is MOOT.
[3] Defendant Jeri Yenne's previous motion to dismiss, Doc. 6, is MOOT.